IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | Civil Action No. 5:10-cv-00054 |
| Plaintiff, | ) ) | |
| v. | ) ) | COMPLAINT |
| T.A. LOVING COMPANY, | ) ) | JURY TRIAL DEMAND |
| Defendant. | ) ) ) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, to correct unlawful employment practices on the basis of religion, and to provide appropriate relief to Elvis Cifuentes Angel and other similarly situated employees who were adversely affected by such practices. Plaintiff, the United States Equal Employment Opportunity Commission (the "Commission" or the "EEOC"), alleges that Defendant T.A. Loving Company ("Defendant") discriminated against Elvis Cifuentes Angel and other similarly situated employees by denying them a religious accommodation and terminating their employment because of their religion, Seventh Day Adventist.

JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII").

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of North Carolina, Raleigh Division.

## PARTIES

3. Plaintiff, the EEOC, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously conducted business in the State of North Carolina and the city of Goldsboro, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Elvis Cifuentes Angel ("Angel") filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Defendant operates a pre-construction and construction business employing, according to its website, in excess of 300 employees. In or around September 2007, Defendant engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), when it denied Angel and other similarly situated employees a religious accommodation and discharged them because of their religion.

8. Angel was hired by Defendant in February of 2007 as a general laborer. Angel is a member of the Seventh Day Adventist faith, a Christian denomination. He holds the sincere religious belief that he cannot work on his Sabbath, which is from sundown on Friday until sundown on Saturday. This belief held by Angel is consistent with the tenets of his faith. As a result of this sincerely held religious belief, Angel does not work on his Sabbath. Angel informed Defendant of this sincerely held religious belief and practice when he was hired and at multiple times during his employment.

9. Defendant hired Hugo Angel-Lopez around August 2007, and Jaime Mejia around October 2006, as general laborers. Angel-Lopez and Mejia are members of the Seventh Day Adventist faith and hold the sincere religious belief that they cannot work on their Sabbath, from sundown on Friday until sundown on Saturday. As a result of this sincerely held religious belief, they do not work on their Sabbath. Angel-Lopez informed Defendant of this sincerely held religious belief and practice when he was hired. Mejia informed Defendant of this sincerely held religious belief and practice several times during his employment.

10. On information and belief, another former employee of Defendant who worked as a laborer, Abenaias Velesquez, is also a practicing Seventh Day Adventist who holds the sincere religious belief that he cannot work on his Sabbath, sundown on Friday until sundown on Saturday. As a result of this sincerely held religious belief, Velesquez does not work on his Sabbath. (Angel-Lopez, Mejia and Velesquez are hereafter jointly referred to as the "similarly situated employees").

11. On or about Friday, September 21, 2007, one of Defendant's supervisors informed Angel and the similarly situated employees that they were required to work on Saturday, September 22, 2007. Angel and the similarly situated employees reminded Garcia that

they could not work on Saturdays because of their religious beliefs. Garcia responded that if Angel and the similarly situated employees did not report for work on Saturday, they would be fired.

12. Angel and the similarly situated employees did not report to work on Saturday, September 22, 2007, because of their religious belief that they cannot work on Saturdays. Because Angel and the similarly situated employees did not report to work on Saturday, September 22, 2007, they were discharged by Defendant. Defendant's supervisor notified Angel by telephone that he was fired for refusing to work on Saturday. Angel and the similarly situated employees all received termination notices dated September 21, 2007. Each of the termination notices indicated that the named employee was terminated because he could not work on Saturday because of "attending church."

13. Defendant found replacement workers for Angel and the similarly situated employees within a few hours of being notified on Friday, September 21, 2007, that Angel and the similarly situated employees could not work on Saturday, September 22, 2007. The cost to Defendant for the replacement workers was *de minimis*.

14. The effect of the practices complained of above has been to deprive Elvis Cifuentes Angel and the similarly situated employees of equal employment opportunities and otherwise adversely affect their status as employees because of their religion, Seventh Day Adventist.

15. The unlawful employment practices complained of above were intentional.

16. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Elvis Cifuentes Angel and the similarly situated employees, because of the religion, Seventh Day Adventist.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from discriminating against and/or discharging employees on the basis of their religion, or any other employment practice that discriminates on the basis of religion.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees and applicants regardless of their religious beliefs, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make Elvis Cifuentes Angel and the similarly situated employees whole, by awarding appropriate back pay in amounts to be determined at trial with prejudgment interest, and by providing other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay in lieu thereof.

D. Order Defendant to make Elvis Cifuentes Angel and the similarly situated employees whole, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E. Order Defendant to make Elvis Cifuentes Angel and the similarly situated employees whole, by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described above, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and loss of civil rights, in amounts to be determined at trial.

F. Order Defendant to pay Elvis Cifuentes Angel and the similarly situated employees punitive damages for its malicious and reckless conduct described above, in amount to be determined at trial.

G. Grant such other and further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission the costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

This the 11th day of February, 2010.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
131 M Street, N.E., Suite 4NE25N
Washington, DC 20507

s/ Lynette A. Barnes
LYNETTE A. BARNES (NC Bar 19732)
Regional Attorney

TINA M. BURNSIDE
Supervisory Trial Attorney

s/Kara Gibbon Haden
KARA GIBBON HADEN (NC Bar 26192)
Senior Trial Attorney
Charlotte District Office
129 W. Trade Street, Suite 400
Charlotte, NC 28202
Telephone: (704) 954-6469
Facsimile: (704) 954-6412
Email: kara.haden@eeoc.gov